UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

April Carrico-Hardegree,

    Plaintiff,

v.

I.C. System, Inc.,

    Defendant.

Case No.: 1:17-cv-01746-JMS-TAB
Hon. Judge Jane Magnus-Stinson
Magistrate Judge Tim A. Baker

## I.C. SYSTEM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant I.C. System, Inc. ("ICS"), through its attorneys Olson Law Group, hereby answers Plaintiff's Complaint and pleads its affirmative defenses as follows:

### Introduction

1.    ICS admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act ("FDCPA") but denies that ICS violated the law or is liable to Plaintiff.

2.    ICS admits the allegations in this paragraph.

3.    This paragraph contains no factual allegations against ICS; therefore, no response is required.

4.    This paragraph contains no factual allegations against ICS; therefore, no response is required.

### Jurisdiction

5.    ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Venue

6.    ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. ICS admits, only, that it seeks to collect debts from persons who reside in this district. ICS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**Parties**

10. Upon information and belief, ICS admits the allegations in this paragraph.

11. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. ICS denies that it is a debt purchaser. ICS admits the remaining allegations in this paragraph.

14. ICS admits the allegations in this paragraph.

15. ICS admits the allegations in this paragraph.

16. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**Factual Allegations**

17. ICS admits that debt owed to Sprint was placed with Defendant for collection, only. ICS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

18. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. ICS admits that debt owed to Sprint was placed with Defendant for collection, only. ICS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

21. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. ICS admits that debt owed to Sprint was placed with Defendant for collection, only. ICS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

28. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. ICS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. ICS admits that ICS sent the letter attached as Exhibit 2. ICS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

32. ICS denies the allegations in this paragraph.

33. ICS denies the allegations in this paragraph.

34. This paragraph contains no factual allegations against ICS; therefore, no response is required.

**First Claim for Relief:**
**Violation of the FDCPA**

1. ICS reasserts its prior responses as if fully set forth in this paragraph.

2. ICS denies the allegations in this paragraph.

3. ICS denies the allegations in this paragraph.

4. ICS denies the allegations in this paragraph.

5. ICS denies the allegations in this paragraph.

6. ICS denies the allegations in this paragraph.

WHEREFORE, Defendant I.C. System, Inc. requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of ICS; (b) award ICS its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

**AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff lacks Article III standing, this Court lacks subject matter jurisdiction over Plaintiff's claims.

2. To the extent ICS' conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

3. To the extent ICS violated the law – which it denies – such violation(s) were neither intentional, nor willful.

4. Plaintiff's claims for damages may be barred, in whole or in part, by Plaintiff's failure to mitigate.

5. Plaintiff's claims may, upon information and belief, be subject to a binding and enforceable arbitration agreement; accordingly, this matter should be stayed or dismissed in favor of arbitration.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com

Dated: June 27, 2017

**CERTIFICATE OF SERVICE**

I, Charity A. Olson, hereby state that on June 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**